IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIRTUOZZO (CYPRUS) LIMITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 21-512 (LPS) |
| ) | |
| CLOUD LINUX, INC. and CLOUD LINUX ) | **JURY TRIAL DEMANDED** |
| SOFTWARE, INC., ) | |
| ) | |
| Defendants. ) | |

## ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendants Cloud Linux, Inc. and Cloud Linux Software, Inc. (collectively, "Cloud Linux") hereby file their answer and defenses ("Answer") to the Complaint for Patent Infringement ("Complaint") filed on April 9, 2021 by Plaintiff Virtuozzo (Cyprus) Limited ("Virtuozzo"). Each of the numbered paragraphs below corresponds to the same numbered paragraph in the Complaint. Cloud Linux denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Cloud Linux further denies that Virtuozzo is entitled to relief requested in the Complaint, or to any other relief.

## INTRODUCTORY STATEMENT

Virtuozzo proclaims that it is committed to open source development and the open source community[1], but this litigation reveals otherwise. For years, Virtuozzo has encouraged developers and companies to use its open source software, including OpenVZ, which Virtuozzo provides free

---

[1] *See*, *e.g.*, https://www.virtuozzo.com/about/open-source.html ("Our commitment to open source development efforts is unwavering, it is part of who we are. . . ."); https://www.virtuozzo.com/connect/details/blog/view/the-value-of-commercial-software-why-virtuozzo.html ("Virtuozzo has a long history in the open source community. We sponsor and contribute to several open source projects, including OpenVZ, which is the core of the Virtuozzo platform. Our commitment to continuing our contribution is strong, as we believe in the value of open source projects in fueling software development.").

of charge under the terms of the General Public License, Version 2.0 ("GPLv2"). Cloud Linux is one of the companies that Virtuozzo encouraged to use OpenVZ. For many years after Cloud Linux was founded in 2009, Virtuozzo worked cooperatively with Cloud Linux, actively assisting Cloud Linux in connection with the development of the products that Virtuozzo now purports to accuse of patent infringement.

In fact, key principal actors with substantial financial interests in Virtuozzo also have financial interests in Cloud Linux, including Mr. Serguei Beloussov and Mr. Ilya Zubarev. Mr. Beloussov and Mr. Zubarev are the two primary principals behind Virtuozzo. Mr. Beloussov and Mr. Zubarev are also principals with data-protection company Acronis International GmbH ("Acronis") among other business activities. Mr. Beloussov and Mr. Zubarev were also the two major shareholders of Parallels Holdings Ltd. ("Parallels"), which was the parent company of Virtuozzo. Mr. Beloussov was the CEO of Parallels. Mr. Beloussov and Mr. Zubarev had, and still have, personal financial interest in the success of Cloud Linux, along with the interests of Mr. Beloussov and Mr. Zubarev and Virtuozzo in the adoption and promulgation of Virtuozzo's OpenVZ software. Specifically, Mr. Beloussov and Mr. Zubarev have been investors in Cloud Linux since its inception, first through Parallels, then through their investment firm Runa Capital, and now through Cloud Linux Holdings.

Mr. Beloussov in particular was personally closely involved in the business and technical cooperation between Virtuozzo and Cloud Linux and in years of communications and conduct that Cloud Linux relied upon. Among other things, years ago Mr. Beloussov (a principal of Virtuozzo) previously raised with Cloud Linux the issue of intellectual property rights, including communications conveying promises and threats relating to Virtuozzo intellectual property. Despite those communications and substantial knowledge of Cloud Linux's products

and technologies, Virtuozzo never initiated any claims of patent infringement. Virtuozzo's communications and course of conduct led Cloud Linux reasonably to believe that it could continue conducting and developing its business with acquiescence from Virtuozzo. Mr. Beloussov and Virtuozzo subsequently continued for years to encourage cooperation and product development by Cloud Linux, including encouraging and assisting with product development involving Virtuozzo's OpenVZ software. This conduct was consistent with, and promoted, the substantial interests held by Mr. Beloussov and Mr. Zubarev in both Virtuozzo and Cloud Linux. Cloud Linux relied upon this conduct in developing and growing its business.

Recently, however, apparently driven by the financial interests of Virtuozzo's principals Mr. Beloussov and Mr. Zubarev, Virtuozzo abruptly changed course and initiated this patent litigation against Cloud Linux. Virtuozzo filed this litigation to exert pressure on Cloud Linux to agree to the unsupported demands of Mr. Beloussov and Mr. Zubarev in an attempt to increase their shareholdings in Cloud Linux. Specifically, on June 10, 2021, Mr. Beloussov and Mr. Zubarev filed a lawsuit against Cloud Linux and certain individuals alleging that breaches of fiduciary duty allegedly diminished the values of interests held by Mr. Beloussov and Mr. Zubarev as members of Cloud Linux Holdings, LLC and indirect beneficial owners of stock in Cloud Linux Software, Inc. Cloud Linux disputes any allegations of wrongdoing and will respond to the complaint in due course.

Virtuozzo's allegations of patent infringement are meritless. As an initial matter, Virtuozzo is precluded from asserting infringement as a result of its lengthy history of working cooperatively with Cloud Linux in the parties' mutually beneficial relationship with respect to Virtuozzo's open source software and products and systems that Virtuozzo now seeks to accuse of infringement. The principles of equity prohibit Virtuozzo from now alleging that the same

products Virtuozzo encouraged and assisted infringe upon Virtuozzo's patents. Virtuozzo's complaint misleadingly alleges in paragraph 18 that "before the filing of this Complaint, Defendants were informed that they were infringing Plaintiff's patents" and that "Defendants did not dispute that they were infringing" and "did not cease their infringing conduct nor pay for a license." In fact, Virtuozzo sent correspondence to Cloud Linux alleging infringement of the patent asserted in the complaint only on April 8, 2021, the day before Virtuozzo filed the complaint on April 9, 2021.

Virtuozzo also encouraged and acquiesced in Cloud Linux's use of Virtuozzo's open source software OpenVZ. The terms of GPLv2 prohibit Virtuozzo from alleging patent infringement based upon the use of OpenVZ.

Beyond the equitable and legal principles that preclude Virtuozzo's claims in this action, Cloud Linux has not infringed any valid asserted claim of the asserted patent. Virtuozzo appears to have rushed to initiate patent litigation that does not have any merit. Cloud Linux provides solutions that are complementary with, and different from, Virtuozzo's offerings. Given the complementary and different nature of their product offerings, it is not surprising that Virtuozzo worked cooperatively with Cloud Linux for more than a decade, and it is not surprising that Cloud Linux does not infringe upon Virtuozzo's patents.

Cloud Linux answers Virtuozzo's specific pleaded allegations as follows.

## THE PARTIES[2]

1. Cloud Linux lacks sufficient knowledge or information to form a belief as to the

---

[2] For convenience, Cloud Linux has incorporated the section titles that appear in the Complaint. Cloud Linux does not necessarily agree with the characterizations of such section titles, which are not factual allegations requiring responses. Cloud Linux reserves the right to dispute those characterizations.

truth of the allegations recited in paragraph 1, and on that basis denies them.

2. Admitted.

3. Cloud Linux admits that Cloud Linux Software, Inc. is a corporation operating and existing under the laws of Delaware. Cloud Linux admits that Cloud Linux, Inc. is a wholly-owned subsidiary of Cloud Linux Software. Cloud Linux further admits that the registered agent for Cloud Linux Software, Inc. is at 15068 Blue Bay Circle, Fort Myers, FL 33913. All other allegations in this paragraph are denied.

4. Cloud Linux admits that it provides CloudLinux OS and technical support services related to CloudLinux OS. Cloud Linux admits that CloudLinux OS is a Linux-based distribution that provides customers with a multitenancy platform that includes functionality to isolate each customer into a separate Lightweight Virtualized Environment. All other allegations in this paragraph are denied.

## JURISDICTION AND VENUE

5. Cloud Linux admits that the Complaint purports to bring an action for patent infringement under the patent laws of the United States. Cloud Linux denies any and all allegations of patent infringement alleged in the Complaint. Cloud Linux also denies the legal sufficiency of Virtuozzo's claims and allegations and denies that Virtuozzo has any viable claims as to Cloud Linux.

6. Cloud Linux admits that this Court has subject matter jurisdiction over patent infringement actions, provided that standing and other requirements are met. All other allegations in this paragraph are denied.

7. Cloud Linux does not contest personal jurisdiction for purposes of this action only.

8. Cloud Linux does not contest venue for purposes of this action only.

9.      Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, Cloud Linux lacks sufficient knowledge or information to form a belief as to the truth of the allegations recited in paragraph 9, and on that basis denies them.

## DEFENDANTS' ACCUSED PRODUCTS

10.     Cloud Linux admits that it has offered to sell, sold, made, used, and/or imported into the United States at least one product and/or service purported to be accused of infringement in this action. Cloud Linux admits that these products and/or services may include CloudLinux OS, LVE Manager, and/or Cage FS. Cloud Linux denies any and all allegations that CloudLinux OS, LVE Manager, and/or Cage FS infringe U.S. Patent No. 8,348,622 ("the '622 patent"). Cloud Linux lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 that "[t]he following allegations are based on publicly available information about the Accused Products," and on that basis denies them. To the extent not specifically admitted, any remaining allegations in this paragraph are denied.

11.     Cloud Linux admits that the webpage referenced in paragraph 11 has stated that "CloudLinux OS is designed for shared hosting providers. It isolates each customer into a separate 'Lightweight Virtualized Environment' (LVE), which partitions, allocates, and limits server resources, like memory, CPU, and connections, for each tenant." Cloud Linux further admits that the website recited in paragraph 11 states that "CloudLinux OS also 'cages' tenants from one another to avoid security breaches." Cloud Linux admits that further detail regarding CloudLinux OS is available at the website recited in paragraph 11. All remaining allegations in this paragraph are denied.

12.     Cloud Linux admits that the webpage referenced in paragraph 12 has stated that "LVE Manager allows you to maintain fine-tuned control over your resources, including CPU, IO,

memory, inodes, numbers of processes, and connections, that any single account can use." Cloud Linux admits that further detail regarding LVE Manager is available at the website recited in paragraph 12. All remaining allegations in this paragraph are denied.

13. Cloud Linux admits that the webpage referenced in paragraph 13 has stated that "CageFS is a virtualized, per-user file system that uniquely encapsulates each customer, preventing users from seeing each other and viewing sensitive information." Cloud Linux admits that further detail regarding CageFS is available at the website recited in paragraph 13. All remaining allegations in this paragraph are denied.

## DEFENDANTS' KNOWLEDGE OF THEIR INFRINGING CONDUCT

14. Cloud Linux denies the first sentence of paragraph 14, including any and all allegations of patent infringement alleged in the Complaint. Cloud Linux admits that it sells products and services related to cloud computing but denies that Virtuozzo and Cloud Linux compete within the same market, as their respective products address different customer needs. Cloud Linux admits that the '622 patent was available to the public after its date of issuance. All remaining allegations in this paragraph are denied.

15. Cloud Linux denies that Mr. Igor Seletskiy stated that Cloud Linux's LVE technology was "similar" to Virtuozzo's "container technologies" generally as alleged. Mr. Seletskiy stated that LVE "uses the same cgroups mechanism on the kernel level, but in a different way." Mr. Seletskiy further stated that "[u]nlike Docker, Virtuozzo and LXC, which operate on the process level, LVE is able to operate on the thread level" and that "LVE is quite different from Docker and Virtuozzo/LXC containers." Cloud Linux lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 15 as to whether Virtuozzo's "container technologies" are "patented and protected, in part, by one or more of the Asserted Patents," and

on that basis denies them. Cloud Linux admits that its website has stated that LVE "has roots in common with container-based virtualization." All remaining allegations in this paragraph are denied.

16. Cloud Linux admits that Cloud Linux Software, Inc. filed patent applications naming Mr. Krill Korotaev as a sole named inventor. Cloud Linux admits that Mr. Korotaev is a named inventor on patents assigned to Cloud Linux Software, Inc. Cloud Linux admits that Mr. Korotaev has previously worked for Parallels and that Mr. Korotaev does not appear as a named inventor on the '622 patent. All remaining allegations in this paragraph are denied.

17. Cloud Linux is unable to ascertain what Virtuozzo means in its allegations by the phrase "close relationship" as recited in paragraph 17, and on that basis denies them. Cloud Linux denies the remaining allegations in this paragraph.

18. Cloud Linux admits that it received a letter from Virtuozzo dated April 8, 2021, the day before the Complaint was filed. Cloud Linux denies that it infringes the '622 patent and denies that it has caused infringement of the Asserted Patents. Cloud Linux denies the remaining allegations of this paragraph.

19. Cloud Linux admits that it received a letter from Virtuozzo dated April 8, 2021. Cloud Linux denies the remaining allegations in this paragraph.

20. This paragraph contains allegations to which no response is required. To the extent a response is required, Cloud Linux denies the allegations in this paragraph.

**COUNT I: ALLEGED INFRINGEMENT OF U.S. PATENT 9,348,622**

21. Cloud Linux incorporates by reference its responses to each of the preceding paragraphs of the Complaint.

22. Cloud Linux lacks sufficient information to form a belief as to the truth of the

allegations recited in paragraph 22, and on that basis denies them.

23. Cloud Linux admits that Exhibit A attached to the Complaint purports to be a copy of the '622 patent.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Cloud Linux admits that it received a letter from Virtuozzo dated April 8, 2021, the day before the Complaint was filed. Otherwise denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## **VIRTUOZZO'S PRAYER FOR RELIEF**

Cloud Linux incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein. Cloud Linux denies any and all allegations of patent infringement in the Complaint. Cloud Linux denies all allegations that Virtuozzo is entitled to any relief requested in paragraphs "a–g" of the Complaint's Prayer for Relief, or any other relief.

## **VIRTUOZZO'S DEMAND FOR JURY TRIAL**

No response is required to this paragraph.

## **CLOUD LINUX'S DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens of proof, Cloud Linux asserts the following defenses to the Complaint and reserves its right to assert additional defenses.

## **FIRST DEFENSE – NON-INFRINGEMENT**

1. Cloud Linux has not infringed and does not infringe, either directly, contributorily, or by active inducement, any valid and enforceable claim of the '622 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

## **SECOND DEFENSE - INVALIDITY**

2. One or more of the claims of the '622 patent are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including but not limited to §§ 101, 102, 103, and/or 112.

## **THIRD DEFENSE – LIMITATION ON DAMAGES**

3. Virtuozzo's claims for damages are barred, in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288, and/or 28 U.S.C. § 1498.

## **FOURTH DEFENSE – EQUITABLE ESTOPPEL**

4. The relief sought by Virtuozzo is barred, in whole or in part, by the doctrine of equitable estoppel. Cloud Linux incorporates by reference its Introductory Statement as set forth previously.

## **FIFTH DEFENSE – LICENSE**

5. The relief sought by Virtuozzo is barred, in whole or in part, by the doctrines of

license, implied license, and/or acquiescence based on Virtuozzo's past conduct with respect to Cloud Linux, acquiescence by Virtuozzo, and/or by making its products available to the public (including Cloud Linux) licensed for copy, distribution, and modification under GNU General Public License terms, and specifically the terms of GPLv2. Cloud Linux incorporates by reference its Introductory Statement as set forth previously.

## SIXTH DEFENSE – UNCLEAN HANDS

6. The relief sought by Virtuozzo is barred, in whole or in part, by the doctrine of unclean hands. Cloud Linux incorporates by reference its Introductory Statement as set forth previously.

## SEVENTH DEFENSE – PATENT EXHAUSTION

7. The relief sought by Virtuozzo is barred, in whole or in part, by the doctrine of patent exhaustion. Cloud Linux incorporates by reference its Introductory Statement as set forth previously.

## PRAYER FOR RELIEF

WHEREFORE, Cloud Linux prays that this Court enter judgment:

A. In favor of Cloud Linux, and against Virtuozzo, thereby dismissing the Complaint with prejudice, with Virtuozzo taking nothing by the way of its claims;

B. That Cloud Linux has not infringed, and is not now infringing any valid claims of the '622 patent under any subsection of 35 U.S.C. § 271;

C. That all asserted claims of the '622 patent are invalid and/or unenforceable;

D. That Virtuozzo's claims are barred and/or limited under the principles of equity as stated in Cloud Linux's defenses;

E. That this case stands out from others and as such is an exceptional case pursuant to

35 U.S.C. § 285 and ordering Virtuozzo to pay Cloud Linux's reasonable attorneys' fees incurred in this action.

  F. That Virtuozzo pay all costs incurred by Cloud Linux in this action; and

  G. Awarding Cloud Linux all other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Cloud Linux respectfully demands a trial by jury on all issues triable by jury.

              MORRIS, NICHOLS, ARSHT & TUNNELL LLP

              */s/ Karen Jacobs*

| OF COUNSEL: | Jack B. Blumenfeld (#1014) |
| --- | --- |
| | Karen Jacobs (#2881) |
| Heidi L. Keefe | Cameron P. Clark (#6647) |
| Jeffrey Karr | 1201 North Market Street |
| Lowell D. Mead | P.O. Box 1347 |
| David N. Murdter | Wilmington, DE 19899 |
| COOLEY LLP | (302) 658-9200 |
| 3175 Hanover Street | jblumenfeld@morrisnichols.com |
| Palo Alto, CA 94304-1130 | kjacobs@morrisnichols.com |
| (650) 843-5000 | cclark@morrisnichols.com |
| | *Attorneys for Defendants* |
| Dustin M. Knight | *Cloud Linux, Inc. and Cloud Linux* |
| COOLEY LLP | *Software, Inc.* |
| 11951 Freedom Drive, 16th Floor | |
| Reston, VA 20190 | |
| (703) 456-8000 | |

June 17, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 17, 2021, upon the following in the manner indicated:

| | |
|---|---|
| Karen L. Pascale<br>Robert M. Vrana<br>YOUNG CONAWAY STARGATT & TAYLOR LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br><br>*Attorneys for Plaintiff*<br>*Virtuozzo (Cyprus) Limited* | *VIA ELECTRONIC MAIL* |
| Casey A. Kniser<br>LAW OFFICE OF CASEY A. KNISER LLC<br>111 North Wabash Avenue<br>The Garland Building #1257<br>Chicago, IL  60602<br><br>*Attorneys for Plaintiff*<br>*Virtuozzo (Cyprus) Limited* | *VIA ELECTRONIC MAIL* |

*/s/ Karen Jacobs*

Karen Jacobs (#2881)